**NO. 13-1838**

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*for the*

# 𝔉𝔬𝔲𝔯𝔱𝔥 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

RENEE O. ATKINSON-BUSH;

*Plaintiff-Appellant,*

*v.*

BALTIMORE WASHINGTON MEDICAL CENTER, INC.,

*Defendant-Appellee.*

*On Appeal from the United States District Court for the District of Maryland in Case No. 10-cv-02350-BEL, Judge Benson Everett Legg*

# BRIEF FOR APPELLANT

SCOTT A. CONWELL
CONWELL LAW LLC
2411 Crofton Lane, Suite 2A
Crofton, MD 21114
(410) 451-2707
scott@conwellusa.com

*Counsel for Appellant*

July 5, 2014

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. 13-1838 _____    Caption: Atkinson-Bush v. Baltimore Washington Medical Center, Inc. _____

Pursuant to FRAP 26.1 and Local Rule 26.1,

RENEE O. ATKINSON-BUSH _____
(name of party/amicus)

_____

who is _____appellant_____, makes the following disclosure:
        (appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.    Does party/amicus have any parent corporations?                              ☐YES ☑NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:


3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                                  ☐YES ☑NO
      If yes, identify all such owners:


- 1 -

ii

4.  Is there any other publicly held corporation or other publicly held entity that has a direct
    financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected
    substantially by the outcome of the proceeding or whose claims the trade association is
    pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?    ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: 7/18/13

Counsel for: RENEE O. ATKINSON-BUSH

## CERTIFICATE OF SERVICE
****************************

I certify that on _____ 7/18/13 _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

_____          7/18/13
(signature)                        (date)

07/19/2012                    - 2 -
SCC

# TABLE OF CONTENTS

*Page*

CORPORATE DISCLOSURE STATEMENT…………...……………....ii

TABLE OF AUTHORITIES………..……………………………………..v

JURISDICTIONAL STATEMENT…………….....……………………….1

STATEMENT OF THE ISSUES……………….….……………………...2

STATEMENT OF THE CASE……….…………………………………..2

SUMMARY OF ARGUMENT…...…………………….…………….....5

ARGUMENT……………………………………………..…………6

    I.   Standard of Review…………….……………...…………….6

    II.   Appellant's Complaint Constituted A Qualified Charge of Discrimination……………………………………….……………….9

    III.  The Appellant's Complaint Complied With Administrative Procedure Prerequisites And The District Court Wrongly Considered The Inadmissible Cole Affidavit In A Motion To Dismiss……...…..13

    IV.  The District Court Did Not Address Appellant Atkinson-Bush's Claims In The First Amended Complaint, And Which Dismissal Of Such Claims Was Entirely Erroneous………………………............19

CONCLUSION……………………………………….…………23

CERTIFICATE OF COMPLIANCE...…………………………….………24

CERTIFICATE OF SERVICE……....…………….…………………25

iv

# TABLE OF AUTHORITIES

## CASES

*A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969)

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)

*Adams v. District of Columbia*, 740 F.Supp 2d 173, 180, 185 (D. D.C. 2010)

*Aguilar v. Baine Service Systems, Inc*., 538 F.Supp. 581 (S.D.N.Y. 1982)

*Alexander V. Gardner-Denver Co*., 415 U. S. 36, 36 (1974)

*Anderson v. Discovery Commc'ns, Inc*., 517 F. App'x 190, 197 (4th Cir. 2013)

*Aronberg v. Walters*, 755 F.2d 1114 (4th Cir. 1985)

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 1949, 173 L.Ed.2d 868 (2009)

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723 (1984)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)

*Bethel v. Jefferson*, 589 F.2d 631, 641-42 (D.C. Cir. 1978)

*CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008)

*Chacko v. Patuxent Inst*., 429 F.3d 505, 508 (4th Cir.2005)

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)

*Comet Enters. Ltd. v. Air-A-Plane Corp*., 128 F.3d 855, 860 (4th Cir.1997)

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)

*Cooper v. Bell*, 628 F.2d 1208 (9th Cir. 1980)

*Crabill v. Charlotte Mecklenburg Board Of Education*, No. 10-1539 (4th Cir. April 20, 2011)

*Davis v. North Carolina Department of Correction*, 48 F.3d 134, 140 (4th Cir.1995)

v

*DeTata v. Rollprint Packaging Products*, 632 F.3d 962, 969 (7th Cir. 2011)

*Express Corporation v. Holowecki*, 552 U.S. 389 (2008)

*Fields v. Durham*, 909 F.2d 94, 98 (4th Cir. 1990)

*Gates v. Georgia-Pacific Corp.*, 492 F.2d 292, 295 (9th Cir. 1974)

*Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 476 (4th Cir. 2006)

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)

*Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3rd Cir. 1984)

*Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972)

*Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)

*Hooven–Lewis v. Caldera*, 249 F.3d 259, 272–74 (4th Cir. 2001)

*Huffington v. State*, 304 Md. 559, 570, 500 A.2d 272 (1985)

*Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997)

*Jones v. American State Bank*, 857 F.2d 494, 500 (8th Cir. 1988)

*Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)

*Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir.2006)

*Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979)

*Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2nd Cir.2006)

*Molthan v. Temple University*, 778 F.2d 955, 960 (3rd Cir. 1985)

*New Amsterdam Casualty Company v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963)

*Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)

*Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 310 (6th Cir. 2000)

*Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568 (1982)

*Perdue v. Roy Stone Transfer Corp*., 690 F.2d 1091, 1093 (4th Cir.1982)

*Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982)

*Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89 (2002)

*Reeb v. Economic Opportunity Atlanta, Inc*., 516 F.2d 924, 930 (5th Cir. 1975)

*Rhoads v. F.D.I.C*., 257 F.3d 373, 391–92 (4th Cir. 2001)

*Rohan v. Networks Presentations*, LLC, 375 F.3d 266, 269 n.2 (4th Cir. 2004)

*Rodriguez v. Smithfield Packing Co*., 545 F. Supp. 2d 508, 515 (D. Md. 2008)

*Rowe v. United States Fidelity and Guaranty Company*, 421 F.2d 937, 942 (4th Cir. 1970)

*Sadighi v. Daghighfekr*, 36 F.Supp.2d 279, 301 (D. S.C. 1999)

*Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993)

*Scott v. Sebelius*, No. RWT-11-2865, 2013 WL 709765, 3 (D. Md. Feb. 25, 2013)

*Sheehan v. Puralator Courier Corp*., 676 F.2d 877, 885 (2d Cir. 1982)

*A Society Without a Name v. Commonwealth of Va*., 655 F.3d 342, 346 (4th Cir., 2011)

*Star Scientific Inc. v. RJ. Reynolds Tobacco Co*., 174 F. Supp. 2d 388, 392 (D. Md. 2001))

*Steinburg v. Chesterfield County Planning Com'n*, 527 F.3d 377, 390 (4th Cir. 2008)

*Swedish Civil Aviation v. Project Managemt. Enter*., 190 F.Supp.2d 785 (D. Md., 2002)

*Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)

*Tlush v. Manufacturers Res. Ctr*., 315 F.Supp. 2d 650, 654-55 (E.D. Pa. 2002)

*Wilkerson v. Siegfried Ins. Agency, Inc*., 621 F.2d 1042, 1045 (10th Cir. 1980)

*Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3rd Cir. 2007)

*Works v. Colvin*, 519 F. App'x 176, 186 (4th Cir. 2013)

*Zipes v. Trans World Airlines, Inc. Independent Federation of Flight Attendants*, 455 U.S. 385, 393 (1982)

**STATUTES**

15 U.S.C. § 7001(b)(2)

28 U.S.C. §§ 1331, 1343, 1367

29 U.S.C. § 794

29 U.S.C. § 2601

42 U.S.C. § 1983

42 U.S.C. 1320d

42 U.S.C. § 2000e–5

42 U.S.C. § 12101

42 U.S.C. § 12117

**REGULATIONS**

29 C.F.R. § 1601.12

**RULES**

Fed.R.Civ.P. 15

**OTHER AUTHORITIES**
10A Charles A. Wright et al., Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.)

## JURISDICTIONAL STATEMENT

The United States District Court for the District of Maryland (the "District Court") had subject-matter jurisdiction over this case, in accordance with 28 U.S.C. §§ 1331, 1343, for civil actions arising under the laws of the United States of America, Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., ("ADA"), including 42 U.S.C. § 12117, which incorporates the powers, remedies and procedures as set forth in 42 U.S.C. § 2000e–5 (Enforcement provisions), the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, The Rehabilitation Act Of 1973, 29 U.S.C. § 794, The Fourteenth Amendment To The U.S. Constitution Pursuant To 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over all Maryland state claims that were alleged under the state's laws prohibiting discrimination in employment, Md. Code Ann., State Government § 20-601, *et seq.*, the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. 1320d *et seq.*, ("HIPAA"), the Maryland Confidentiality of Medical Records Act, Md. Code Ann. Health-Gen. I § 4-302(a)(1), ("MCMRA"), and Maryland common law.  The Court has personal jurisdiction over the parties as all are residents and/or having a principle office in the State of Maryland.

## STATEMENT OF THE ISSUES

I.    Whether Appellant's Complaint Constituted A Qualified Charge of

Discrimination, Whether Appellant Should Be Permitted Discovery Into

Disputed Issues, And Whether Tolling Is Available To Permit Her To Meet

Administrative Exhaustion Requirements.

II.   Whether the District Court Properly Denied Appellant Atkinson-Bush Leave

To Amend Her Claims.

## STATEMENT OF THE CASE

On March 18, 2010, Appellant Renee O. Atkinson-Bush filed a complaint

with the Maryland Commission on Human Relations ("MCHR"). (JA 76).

Because Appellant had not received any finding by the MCHR, and one hundred

eighty days had not yet passed from the date she filed her complaint and she had

not received a "right-to-sue" letter,[1] for purposes of obtaining preliminary

---

[1] *Aronberg v. Walters*, 755 F.2d 1114 (4th Cir. 1985) (holding that preliminary injunctive relief can be obtained prior to receipt of a right to sue letter from the EEOC); *Sadighi v. Daghighfekr*, 36 F.Supp.2d 279, 301 (D. S.C. 1999) (denying motion to dismiss the Title VII cause of action requested on the grounds that the complainant failed to obtain a right to sue letter prior to filing the Complaint, and stating that "[a] plaintiff who files a Title VII cause of action without obtaining a right to sue letter from the EEOC can cure such a defect by subsequently obtaining a right to sue letter."); *Tlush v. Manufacturers Res. Ctr.*, 315 F.Supp. 2d 650, 654-55 (E.D. Pa. 2002) (stating that "[w]hile the attainment of a right-to-sue letter from the EEOC is a condition precedent to filing Title VII and ADA suits, the failure to obtain notice of the right to sue is a curable defect"); *see also Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3rd Cir. 1984); *Jones v. American State Bank*, 857 F.2d 494, 500 (8th Cir. 1988). Several Circuit Courts of Appeals, including the Fourth Circuit, "have held that the defect is cured if the plaintiff receives a 'right-to-sue' letter prior to trial and neither the EEOC nor defendants are prejudiced by plaintiff's initial failure to obtain the letter." *Tlush*, 315 F.Supp. 2d at 655 (citing *Molthan v. Temple University*, 778 F.2d 955, 960 (3rd Cir. 1985), *Parry v. Mohawk Motors of Michigan*,

2

injunctive and other appropriate equitable relief,[2] Appellant filed her suit in federal court.

On August 25, 2010, Appellant Atkinson-Bush filed a seven count Complaint (JA 7-29) in the U.S. District Court for the District of Maryland.   The seven counts included: 1) Violation of the ADA, 42 U.S.C. § 12112 - Unlawful Medical Examination; 2) Violation of the ADA, 42 U.S.C. § 12112 – Failure To Make Reasonable Accommodation For Employees With A Disability; 3) Violation of the ADA, 42 U.S.C. § 12112 – Discrimination And Unlawful Termination Based On Disability; 4) Violation of Md. Code Ann., State Government § 20-602 - Unlawful Employment Practices Based On Disability; 5) Violation of the Health Insurance Portability And Accountability Act Of 1996, 42 U.S.C. 1320d et seq. ("HIPAA"); 6) Violation of the Maryland Confidentiality Of Medical Records Act, Md. Code Ann. Health-Gen. I § 4-302(a)(1); and 7) Declaratory Relief.

Appellee Baltimore Washington Medical Center, Inc. ("BWMC") filed a Motion to Dismiss on October 13, 2010.  (Memorandum at JA 33-73).  The Motion to Dismiss included what was purported to be an Affidavit of Joann Cole, a

---

*Inc.*, 236 F.3d 299, 310 (6th Cir. 2000); *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982); *Henderson v. Eastern Freight Ways, Inc.*, 460 F.2d 258, 260 (4th Cir. 1972)).
[2] Denying a plaintiff's ability to file for a preliminary injunction, and prohibiting the continuing unlawful practices would frustrate the intent of Title I of the ADA as it would hinder the congressional goal of fighting workplace discrimination on the basis of disability. *See Aguilar v. Baine Service Systems, Inc.*, 538 F.Supp. 581 (S.D.N.Y. 1982); *Aronberg*, 755 F.2d at 1115-16 (quoting *Sheehan v. Puralator Courier Corp.*, 676 F.2d 877, 885 (2d Cir. 1982)).  A preliminary injunction, reinstatement and other appropriate equitable relief is specifically authorized under Maryland law.  Md. Code Ann., State Government § 20-1013(d); § 20-1009(b).

Supervisor with the Maryland Commission on Human Relations ("MCHR"). (JA 74-75). Appellant filed a Preliminary Response in Opposition to Defendant's Motion to Dismiss and Motion to Extend the Date for Filing a More Complete Response (JA 81-89).

On May 12, 2011, Appellant Atkinson-Bush filed a Motion for Leave to Amend Complaint (A101-103). As stated in the Motion for Leave to Amend Complaint, its purposes was to add a party plaintiff, Joseph P. Aiello, amend the alleged wrongdoing with respect to the Defendants' implementation of its policies and practices, amends the class allegations and adds a number of claims. Plaintiff Aiello is not a party to this appeal, and thus this Brief will address only the amended claims and allegations related to Appellant Atkinson-Bush. The First Amended Complaint added claims: 8) Unlawful Interference With And Restraint Upon The Exercise Of Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; 9) Unlawful Interference With And Restraint Upon The Exercise Of Family and Medical Leave Act As Enforced Under Maryland Law; 10) Unlawful Discrimination Under The Rehabilitation Act Of 1973, 29 U.S.C. § 794; 11) Denial Of Procedural Due Process Under The Maryland Declaration Of Rights; 12) Denial Of Substantive Due Process Under The Maryland Declaration Of Rights; and 13) Denial Of Due Process Under The Fourteenth Amendment To The U.S.

Constitution Pursuant To 42 U.S.C. § 1983.  (JA 104-144, Redline with changes at JA 162-211)

The district court conducted a motions hearing on May 24, 2011 to consider the pending motions.  (Transcript at JA213-266).  On May 25, 2011, the district court issued a Memorandum Opinion and Order granting the Appellee's Motion to Dismiss the Complaint and denying Appellant's Motion for Leave to Amend the Complaint.  (Opinion at JA269-A275).  The District Court only dismissed her federal claims.  With respect to the Appellant's state discrimination claims, the district court "declines to exercise supplemental jurisdiction over the remaining state-law claims."  (Opinion at JA 273-74 (citing 28 U.S.C. § 1367(c)(3))).

The Opinion and Order were entered by the Clerk on May 26, 2011 (JA 276).  Appellant Renee O. Atkinson-Bush filed a Notice of Appeal on June 27, 2011 (JA 277).[3]

## SUMMARY OF ARGUMENT

The District Court erroneously found that Plaintiff's Complaint to the Maryland Commission on Human Relations regarding employment discrimination and wrongful termination did not qualify as a formal charge of discrimination for purposes of administrative exhaustion and for proceeding in an applicable court of

---

[3] Plaintiff filed a Motion for Leave to Proceed in forma pauperis, which was approved by the district court on August 24, 2011. Following this approval, apparently the appeal did not get forwarded to the Circuit Court until the district court clerk noted and forwarded the appeal.  The Appeal was docket in the Circuit Court on July 3, 2013. A motion to receive the transcript at government expense in forma pauperis was approved by the district court on December 23, 2013.

law. The entire basis for the District Court's opinion granting Defendant's Motion to Dismiss was an inaccurate, inadmissible affidavit from a non-party, drafted by opposing counsel, wherein the signing party did not review the details of the affidavit and did not have personal knowledge of the facts, and which witness was not available for cross examination. The District Court failed to address the federal regulations setting forth the requirements for a complaint to constitute a charge of discrimination and did not address the caselaw applying the regulations. During the hearing the District Court recognized that, at minimum, discovery would permitted to address the facts in the affidavit and whether, based upon failures by the Maryland Commission on Human Relations, equitable tolling would be permitted. Finally, the district court completely failed to address Appellant Atkinson-Bush's three new federal claims in her First Amended Complaint, while solely addressing issues that are not on appeal. These three claims met all pleading requirements and did not require administrative exhaustion.

## **ARGUMENT**

### I.  **Standard of Review**

The Appellant asserts that the District Court erred when it granted Appellee's Motion to Dismiss under Rule 12(b)(1). Recent authority has provided that:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is

6

> plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.
> 1937 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v.
> Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929
> (2007)). A court decides whether this standard is met by separating
> the legal conclusions from the factual allegations, assuming the truth
> of only the factual allegations, and then determining whether those
> allegations allow the court to reasonably infer that "the defendant is
> liable for the misconduct alleged." *Id*. at 1949–50. In other words, the
> factual allegations (taken as true) must "permit the court to infer more
> than the mere possibility of misconduct." *Id*. at 1950.

*A Society Without a Name v. Commonwealth of Va.*, 655 F.3d 342, 346 (4th Cir.,

2011). The Court must "assume the veracity [of well-pleaded factual allegations]

and then determine whether they plausibly give rise to an entitlement of relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). Older authority

from the U.S. Supreme Court has provided that:

> A motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) ought not be
> granted unless "it appears beyond doubt that the plaintiff can prove no
> set of facts in support of his claim which would entitle him to relief."
> *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80
> (1957). All that the Federal Rules of Civil Procedure require of a
> complaint is that it contain "'a short and plain statement of the claim
> that will give the defendant fair notice of what the plaintiff's claim is
> and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41,
> 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Comet Enters. Ltd. v. Air-A-
> Plane Corp.*, 128 F.3d 855, 860 (4th Cir.1997). "Given the Federal
> Rules' simplified standard for pleading, '[a] court may dismiss a
> complaint only if it is clear that no relief could be granted under any
> set of facts that could be proved consistent with the allegations.'"
> *Swierkiewicz v. Sorema N.A.*, 534 U.S. ___, 122 S.Ct. 992, ___
> L.Ed.2d ___ (2002), quoting *Hishon v. King & Spalding*, 467 U.S. 69,
> 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).
>       In reviewing the complaint, the court accepts all well-pled
> allegations of the complaint as true and construes the facts and
> reasonable inferences derived therefrom in the light most favorable to

the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969).

*Swedish Civil Aviation v. Project Managemt. Enter.*, 190 F.Supp.2d 785 (D. Md., 2002); *see also Rohan v. Networks Presentations*, LLC, 375 F.3d 266, 269 n.2 (4th Cir. 2004)(holding that where "significant issues of fact exist" it is enough to preclude summary judgment).

The District Court found in its opinion that it "may consider 'evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Opinion at JA270 (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Star Scientific Inc. v. RJ. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 392 (D. Md. 2001)).

However, "because untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it" and "the court should grant a motion to dismiss only if the complaint on its face is conclusively time-barred." *Adams v. District of Columbia*, 740 F.Supp 2d 173, 180, 185 (D. D.C. 2010)(citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510, 515, 122 S.Ct. 992, (2002)("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits.... We hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination and that petitioner's complaint is sufficient to survive respondent's

8

motion to dismiss.")); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2nd

Cir.2006) (applying *Swierkiewicz* to discrimination claims under Title VII).

The standard for denial of a motion for leave to amend is abuse of discretion.

Fed.R.Civ.P. 15 states that "The Court should freely give leave when justice so

requires." Rule 15(a)(2)(emphasis added).

> Of course the general rule is that leave to amend a complaint under
> Federal Rule of Civil Procedure 15(a) should be freely given, *see*
> *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222
> (1962), unless "the amendment would be prejudicial to the opposing
> party, there has been bad faith on the part of the moving party, or the
> amendment would have been futile," *Laber v. Harvey*, 438 F.3d 404,
> 426 (4th Cir.2006) (internal quotation marks omitted). A district
> court's decision to deny a motion to amend is reviewed for abuse of
> discretion. *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 476 (4th
> Cir. 2006).

*Steinburg v. Chesterfield County Planning Com'n*, 527 F.3d 377, 390 (4th Cir.

2008).

## II.   **Appellant's Complaint Constituted A Qualified Charge of Discrimination**

The district court erroneously found that Plaintiff's complaint to the

Maryland Commission on Human Relations regarding employment discrimination

and wrongful termination did not qualify as a formal charge of discrimination for

purposes of administrative exhaustion and for proceeding in an applicable court of

law.  The entire basis for the District Court's opinion was the Affidavit of Joann

Cole, a Supervisor with the Maryland Commission on Human Relations

9

("MCHR"). (JA 74-75). The next section argues that the Cole Affidavit was improperly considered by the Court. The issue in this section, however, is whether the Complaint filed by the Appellee constituted a qualified charge of discrimination.

On March 18, 2010, Appellant Renee O. Atkinson-Bush filed a complaint with the Maryland Commission on Human Relations ("MCHR"). (JA 76). The receipt from the MCHR specifically states, "Thank you for filing your complaint." (JA 76). The contents of the Complaint sufficiently meet the standards set forth to make a charge of discrimination:

> (a) Each charge should contain the following:
> (1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
> (2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
> (3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
> (4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
> (5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

29 C.F.R. § 1601.12(a). It is clear that the Complaint filed by the Appellant met these standards. The application of these standards in the cases confirm that the Appellant has met the standard for filing a charge of discrimination. *Federal*

10

*Express Corporation v. Holowecki*, 552 U.S. 389 (2008)(holding that an intake questionnaire submitted to the EEOC qualified as a charge of discrimination even when the EEOC did not treat it as a charge); *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508 (4th Cir.2005)("A charge is sufficient only if it is sufficiently precise to identify the parties, and to describe generally the action or practices complained of." (internal punctuation and citation omitted)).

The district court appears to diminish the Appellant's charge of discrimination simply because it was filed "online".  While the information was electronically documented by the Appellant through the online website form for filing a complaint, this does not diminish the effective nature of the Complaint and it is held to be valid.  15 U.S.C. § 7001(b)(2).  The applicable regulations specifically state "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  29 C.F.R. § 1601.12(b).  There is no dispute that the Commission received a written statement and that it was sufficiently precise to identify the parties and to describe generally the action and practices complained of.  Thus, the Appellant met her burden of filing a charge of discrimination with the Commission.

Moreover, it is clear that, after receiving a charge such as filed by the Appellant,

11

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein.

29 C.F.R. § 1601.12(b).

The District Court, notably, did not analyze the applicable federal regulations for submitting a charge of discrimination nor did it analyze the content or procedural requirements set forth in the regulations. Had it done so, rather than relying upon the erroneous, unreliable, prejudicial, inadmissible and irrelevant Cole affidavit—for purposes of assessing whether the undisputed Complaint constituted a "charge" under the regulations—the district court would and should have concluded that a charge of discrimination had been filed.

Had the District Court recognized that a charge of discrimination had been filed, then the administrative exhaustion requirements would have been met even without receiving a right-to-sue letter. *Davis v. North Carolina Department of Correction*, 48 F.3d 134, 140 (4th Cir.1995) ("It is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts under Sec. 2000e-5(f)(1)." (internal punctuation and citation omitted)); *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir.1982).

### III.  The Plaintiff's Complaint Complied With Administrative Procedure Prerequisites And The District Court Wrongly Considered The Inadmissible Cole Affidavit In A Motion To Dismiss

The Plaintiff sufficiently pled her claims in her complaint and first amended complaint, and the court did not have authority to dismiss without discovery. The district court should have found that the Plaintiff's initial complaint and/or the first amended complaint "complied with [the administrative procedure] prerequisites," and raised the possibility of relief above the speculative level, and thus the Plaintiff properly invoked the court's jurisdiction under Title VII. *Davis v. North Carolina Department of Correction*, 48 F.3d 134, 140 (4th Cir. 1995). The district court's conclusion was based upon its erroneous conclusion that administrative exhaustion was a procedural requirement and its acceptance into evidence of an affidavit without permitting cross examination or discovery on the issues raised in the affidavit.

> We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.

*Zipes v. Trans World Airlines, Inc. Independent Federation of Flight Attendants*, 455 U.S. 385, 393 (1982); *Crabill v. Charlotte Mecklenburg Board Of Education*, No. 10-1539 (4th Cir. April 20, 2011)(unpublished)(quoting *Zipes* in rejecting the jurisdictional argument); *Aronberg v. Walters*, 755 F.2d 1114, 1116 (4th Cir.

13

1985)(rejecting the argument that the exhaustion requirement is jurisdictional); *Cooper v. Bell*, 628 F.2d 1208 (9th Cir. 1980); *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3rd Cir. 2007)("the fact that an exhaustion requirement is contained within statutory language does not mandate its jurisdictional nature . . . [and W]e therefore find that . . . the exhaustion requirements of the RA [Rehabilitation Act] are prudential"); *but see Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Tolling should have been permitted into the wrongful or misleading actions of the MCHR in misleading and misdirecting the Appellant, and also into its own procedural failures.

Equitable tolling was available based upon the errors of the MCHR. The district court decision erroneously did not permit Plaintiff to develop all relevant facts, schedule an evidentiary hearing, or have the court fairly consider a request to equitably toll administrative filing periods. *See e.g.*, *Bethel v. Jefferson*, 589 F.2d 631, 641-42 (D.C. Cir. 1978) (Title VII time periods are analogous to statutes of limitation and hence may be equitably extended); *Cooper v. Bell*, 628 F.2d 1208, 1213 (9th Cir. 1980)("The emerging consensus among the circuit courts seems to be that Title VII filing periods are subject to equitable extension."); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723 (1984)(supporting reasons for tolling that would include circumstances where a party other than the plaintiff has affirmatively misled the plaintiff or where an

14

administrative agency has caused the filing problems); *Zipes*, 455 U.S. at 393 (quote on equitable tolling in Para. 1); *Crabill v. Charlotte Mecklenburg Board Of Education*, No. 10-1539 (4th Cir. April 20, 2011) (unpublished)("we agree with the Seventh Circuit that a "plaintiff should not lose the right to sue because of fortuitous circumstances or events beyond [her] control . . .", citing *DeTata v. Rollprint Packaging Products*, 632 F.3d 962, 969 (7th Cir. 2011)); *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3rd Cir. 2007)("in Title VII cases courts are permitted in certain limited circumstances to equitably toll filing requirements, even if there has been a complete failure to file . . ."); *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 930 (5th Cir. 1975) ("the giving of misleading or false information to the [plaintiff]" would equitably toll the statute of limitations); *Wilkerson v. Siegfried Ins. Agency, Inc.*, 621 F.2d 1042, 1045 (10th Cir. 1980)(equitable tolling requires evidentiary hearing); *Leake v. University of Cincinnati*, 605 F.2d 255, 259 (6th Cir. 1979); *Gates v. Georgia-Pacific Corp.*, 492 F.2d 292, 295 (9th Cir. 1974).

The district court's erroneous decision dismissing Plaintiff's case was not based upon the information in the pleadings, but based upon an inaccurate, inadmissible affidavit from a non-party, drafted by opposing counsel, wherein the signing party did not review the details of the affidavit and did not have personal knowledge of the facts, and which witness was not available for cross examination.

15

The district court recognized many of the existing problems with the existing MCHR system:

> THE COURT: If I can just stop you for a minute? My understanding is that the EEOC does not actively investigate every complaint, and I think it's probably accurate to say that the EEOC actively investigates only a relatively small fraction of the complaints . . .

JA 233:7-11.

The affidavit is clearly inadmissible.  First, at the initial pleading stage, an affidavit submitted by a non-party where virtually every statement is contested, and even the knowledge of the facts and the personal knowledge of the affiant is contested cannot constitute conclusive evidence.  To be admissible at the summary judgment stage, "documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."

> Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Rule 56(c)(4).  "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993)(quoting 10A Charles A. Wright et al., Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.)); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did

not consider inadmissible hearsay in an affidavit filed with a motion for summary judgment). These importance of cross examination has been expressly cited as the prime guaranty of reliability in the case of depositions. *Huffington v. State*, 304 Md. 559, 570, 500 A.2d 272 (1985), *cert. denied*, 478 U.S. 1023, 106 S.Ct. 3315, 92 L.Ed.2d 745 (1986).

An affidavit from a non-party under the circumstances in the instant case constitutes inadmissible hearsay. FRE 802. Any evidentiary proceeding`--had it occurred—would have demonstrated that the witness entirely lacked knowledge about the subject matters, relied upon inaccurate hearsay provided by others, and would admit to substantive administrative errors. *Wilkerson v. Siegfried Ins. Agency, Inc*., 621 F.2d 1042, 1045 (10th Cir. 1980)(holding that a statute of limitations matter "cannot here be resolved on the basis of affidavits", and requiring an evidentiary hearing because it "invariably involves the credibility of the various witnesses")

Even if the district court had the authority to proceed based solely upon the preliminary issues in the non-party affidavit, it recognized at the hearing that discovery into the issues raised in the affidavit was necessary and that up to that point no discovery had been permitted.

THE COURT: Good. So let me just explore this. One option that I would have is to take this exhaustion issue and have discovery on just this issue, try to hold down costs if this is sort of a gateway threshold

issue for other suits to have discovery on the equitable tolling to frame that, and then I'll know whether, because if I determine that, yes, equitable tolling does apply, then I can hear the merits of the case.

. . . .

THE COURT: I think that, in order for me to do that, I would have to find that the filing of this initial complaint, or whatever you would want to call it, constitutes filing of a charge under the statute, and I would not be prepared to do that without having a full record with all the facts. And I'd like to hear what the Maryland Commission has to say about it, so that we would be then getting into what the

website says, what it said back then, and whether or not she was given a telephone call and told that she would have to file a charge and if she was filing a charge, so that that has to be from -- it would have to be fleshed out through discovery.

And if I were to rule in your favor and we had a full litigation in the trial and everything, I think if Mr. Keith took the case up on appeal, I think the likely result would be that I would be reversed and remanded for a full fleshing out of that issue.

JA 235:9-15-236:10-25. Thus, although the Court had decided to consider the issue of administrative exhaustion, it still recognized that, at minimum, discovery was necessary on the issues raised in the Cole affidavit.

The court also weighed simply certifying such questions as these to be decided by the Fourth Circuit.

It's also possible that because this issue may be may turn out to be one that's novel, that it makes sense to certify a question to let the appeals court weigh in, because

it just doesn't -- it's not in your interest or in their interest to waste hundreds of hours if you're not going to be able to establish equitable tolling. So that seems to me to be something worth doing.

So we're going to do that.

JA 238:14-21.

IV. **The District Court Did Not Address Appellant Atkinson-Bush's Claims In The First Amended Complaint, And Which Dismissal Of Such Claims Was Entirely Erroneous**

The District Court's denial of the Plaintiff's motion to amend her complaint was clearly erroneous. The entire basis of the District Court's analysis and conclusion were that the claims raised by and joinder to add plaintiff Joseph Aiello and new class related allegations "would be futile." JA 274. None of these issues are currently on appeal.

Refusal of such leave to amend, without a justifying reason, is not only an abuse of discretion, but is "inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "So useful are [Rule 15 motions] and of such service in the efficient administration of justice that they ought to be allowed as a matter of course, unless some particular reason for disallowing them appears." *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 174 F.Supp.2d 388 (D. Md., 2001)(citing *New Amsterdam Casualty Company v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963)). It would be proper to amend a complaint to include facts that were "not known at the time" of the original pleading, to "add to the good original case", and to otherwise "support, fortify or re-enforce" the case. *Rowe v. United States Fidelity and Guaranty Company*, 421 F.2d 937, 942 (4th Cir.

19

1970)(quoting reasons provided by the district court in analyzing proper amendments to a complaint, which reasons were affirmed by the Fourth Circuit).

The Court simply does not address Appellant Atkinson-Bush's claims in the First Amended Complaint. Presumably the court would again decline supplemental jurisdiction on new state claims. The federal claims that the district court did not address are the following:

> 8) Unlawful Interference With And Restraint Upon The Exercise Of Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*;
>
> 10) Unlawful Discrimination Under The Rehabilitation Act Of 1973, 29 U.S.C. § 794; and
>
> 13) Denial Of Due Process Under The Fourteenth Amendment To The U.S. Constitution Pursuant To 42 U.S.C. § 1983.

(First Amended Complaint at JA 104-144, Redline with changes at JA 162-211). While the Court cited "futility" reasons for denying the new plaintiff to join the lawsuit because of similar facts as in Atkinson-Bush, it appears that the court is solely basing its consideration on the original complaint. The court does not address Atkinson-Bush amendments adding the above three federal claims.

Although not addressed by the District Court, there is no reason, futility or otherwise, for denying leave to include such claims in Appellant's case. The Rehabilitation Act proscribes discrimination against an "otherwise qualified individual with a disability . . . solely by reason of her or his disability." 29 U.S.C.

20

§ 794(a).  See prima facie case requirements set forth in *Works v. Colvin*, 519 F. App'x 176, 186 (4th Cir. 2013) (citing *Hooven–Lewis v. Caldera*, 249 F.3d 259, 272–74 (4th Cir. 2001)); *Rhoads v. F.D.I.C.*, 257 F.3d 373, 391–92 (4th Cir. 2001). The FMLA was enacted, in part, "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1)–(2). Pursuant to the FMLA, "an eligible employee is entitled to a total of twelve workweeks of leave" and other requirements set forth in *Rodriguez v. Smithfield Packing Co.*, 545 F. Supp. 2d 508, 515 (D. Md. 2008) (citing 29 U.S.C. § 2614(a)(1)(A)-(B)); *Anderson v. Discovery Commc'ns, Inc.*, 517 F. App'x 190, 197 (4th Cir. 2013)(citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002).

Administrative exhaustion does not apply to Rehabilitation Act, §1981, and FMLA claims.  The Supreme Court flatly held: "we conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568 (1982). "Claims of discrimination and retaliation under the Rehabilitation Act and FMLA are considered analogous to those under Title VII [42 U.S.C. §§ 2000e et seq.] . . . ." *Scott v. Sebelius*, No. RWT-11-2865, 2013 WL 709765, 3 (D. Md. Feb. 25, 2013). However, the ADA's exhaustion requirement does not apply to the Rehabilitation Act and the plaintiff was not required to exhaust his administrative remedies for his Rehabilitation Act

21

claims." *Adams v. District of Columbia*, 740 F.Supp 2d 173, 182 (D. D.C. 2010); *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008) (providing that even when Title VII claims are dismissed, constitutional claims prohibiting discrimination under 42 U. S. C. §1981 may proceed); *Alexander V. Gardner-Denver Co*., 415 U. S. 36, 36 (1974) ("Title VII was designed to supplement, rather than supplant, existing laws and institutions relating to employment discrimination"); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Fields v. Durham*, 909 F.2d 94, 98 (4th Cir. 1990)(plaintiff may have a constitutional right in continued employment).

In summary, the district court did not address Appellant Atkinson-Bush's amended claims, and denying her leave to amend her claims was clearly erroneous.

## **<u>CONCLUSION</u>**

For the reasons set forth above, Appellant Renee O. Atkinson-Bush respectfully urges this Court to reverse the decision of the United States District Court for the District of Maryland.

Respectfully submitted,

/s/Scott A. Conwell
SCOTT A. CONWELL
CONWELL LAW LLC
2411 Crofton Lane, Suite 2A
Crofton, MD 21114
(410) 451-2707

*Counsel for Appellant*

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT
### No. 13-1838
**Caption: Renee O. Atkinson-Bush V. Baltimore Washington Medical Center, Inc.**

### <u>CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)</u>
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.     This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

   [X]     this brief contains _7036__ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ]     this brief uses a monospaced typeface and contains lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

   [X]     this brief has been prepared in a proportionally spaced typeface using MS Word 2007 in 14 point Times New Roman font; *or*

   [ ]     this brief has been prepared in a monospaced typeface using MS Word 2003 with characters per inch font

July 5, 2014                                    /s/Scott A. Conwell
                                               Counsel for Appellant

24

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**
**No. 13-1838**
**Caption: Renee O. Atkinson-Bush V. Baltimore Washington Medical Center,**
**Inc.**

## CERTIFICATE OF SERVICE

On July 5, 2014, Counsel for Appellant certifies that eight (8) paper copies of the Brief for Appellant and six (6) paper copies of the Joint Appendix have been filed with the Court via U.P.S.

Counsel for Appellant certifies that a paper copy of the Brief for Appellant and the Joint Appendix will be mailed via U.P.S. to:

> Kathryn M. Widmayer
> Associate Counsel
> Office of the General Counsel
> University of Maryland Medical System
> 110 S. Paca Street, PP-2-S-156
> Baltimore, MD 21201
> Phone: (410) 328-3230
> Fax: (410) 328-2704
> Email: kwidmayer@umm.edu
>
> Counsel for Appellee

On July 7, 2014, Counsel for Appellant certifies that the Brief for Appellant will be electronically filed using the CM/ECF System, which will send notice of such filing to all counsel of record in this appeal.

July 5, 2014                                             /s/Scott A. Conwell
                                                        Counsel for Appellant